IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT D. GLENN,

        Plaintiff,

   v.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

        Defendant.

Case No. 3:12-cv-00886-AA
OPINION AND ORDER

---

Merrill Schneider
Schneider Caver Law Offices
P.O. Box 14490
Portland, Oregon 97293
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

Leisa A. Wolf
Special Assistant U.S. Attorney
Office of General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Robert D. Glenn brings this action pursuant to the Social Security Act (the Act) to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's applications for Title II disability insurance benefits (DIB) and Title XVI supplemental security income (SSI) under the Act. For the reasons set forth below, the Commissioner's decision is reversed and this case is remanded for the immediate payment of benefits.

**PROCEDURAL BACKGROUND**

On September 23, 2008, plaintiff filed applications for both DIB and SSI. Tr. 64-67. After the applications were denied initially and upon reconsideration, plaintiff timely requested a hearing before an administrative law judge (ALJ). Tr. 70-96. On February 19, 2010, an ALJ hearing was held before the Honorable Steve Lynch; plaintiff was represented by counsel and testified, as did a vocational expert (VE). Tr. 98-113. On March 23, 2010, ALJ Lynch issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 20-29. After the Appeals Council declined to review the ALJ's decision on March 14, 2012, plaintiff filed a complaint in this Court. Tr. 2-4.

**STATEMENT OF FACTS**

Born on August 25, 1983, plaintiff was 24 years old on the alleged onset date of disability and 26 years old at the time of the hearing. Tr. 98, 20. Plaintiff was diagnosed with a learning disability as a child and graduated from high school, after six

Page 2 - OPINION AND ORDER

years, with a modified diploma. Tr. 187-89, 200-01, 238-41. He has past work experience as a board laminator, caregiver, cashier, store cleaner, groundskeeper, and laborer. Tr. 57-58. Plaintiff alleges disability as of June 10, 2008 due to his combined mental impairments. Tr. 35-36.

On October 22, 2008, Karen Bates-Smith, Ph.D., P.C., performed an intellectual assessment on plaintiff. Tr. 206-12. Dr. Bates-Smith diagnosed plaintiff with attention deficit hyperactivity disorder (ADHD), generalized anxiety disorder, and borderline intellectual functioning. Tr. 210. In addition, Dr. Bates-Smith administered the Wechsler Adult Intelligence Scale-IV assessment, wherein plaintiff received a full scale intelligence quotient (IQ) of 67. Tr. 209.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to

Page 3 - OPINION AND ORDER

establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled.

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it "significantly limits your physical or mental ability to do basic work activities." Id. If the claimant does not have a severe impairment, he is not disabled.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is presumptively disabled; if not, the Commissioner proceeds to step

four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled. If he cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work that exists in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**DISCUSSION**

I.  The ALJ's Findings

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 22, Finding 2. At step two, the ALJ found that plaintiff had the following severe impairments: borderline intellectual functioning, ADHD, and generalized anxiety disorder. Tr. 22, Finding 3. At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 23, Finding 4.

Because he did not establish disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected his ability to work. The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels. Tr. 24, Finding 5. Plaintiff was

limited to performing simple, routine tasks, having only occasional interaction with the public, and avoiding hazards. Id.

At step four, the ALJ decided that plaintiff was able to perform his past work as a board laminator, store cleaner, groundskeeper, and door maker. Tr. 28, Finding 6. Accordingly, the ALJ found that plaintiff was not disabled. Tr. 29, Finding 7.

## II. Plaintiff's Allegation of Error

Plaintiff argues that the ALJ erred by failing to find him presumptively disabled at step three under Listing 12.05C. In order to satisfy Listing 12.05C, a claimant is required to demonstrate: (1) significantly subaverage general intellectual functioning with deficits in adaptive functioning with an onset before age 22; (2) a valid verbal, performance, or full scale IQ of 60 to 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function. See Pedro v. Astrue, 849 F.Supp.2d 1006, 1011 (D.Or. 2011) (citing Listing 12.05C).[1]

---

[1] The Commissioner argues that in order to meet Listing 12.05, plaintiff must also receive a diagnosis of mental retardation. Although the Ninth Circuit has not yet ruled on this precise issue, the Eighth Circuit and several district courts within the Ninth Circuit, including the District of Oregon, have determined that a formal diagnosis of mental retardation is not required. See Maresh v. Barnhart, 483 F.3d 897, 899 (8th Cir. 2006); Stokes v. Astrue, 2011 WL 285224, *8-9 (D.Or. Jan. 4), adopted by 2011 WL 284433 (D.Or. Jan. 24, 2011); Frazier v. Astrue, 2010 WL 3910331, *4 (E.D.Wash. Oct. 4, 2010); Miller v. Astrue, 2010 WL 3824079, *3 (D.Or. Sept. 23, 2010); Gomez v. Astrue, 695 F.Supp.2d 1049, 1057-58 (C.D.Cal. 2010); Applestein-Chakiris v. Astrue, 2009 WL 2406358, *8 (S.D.Cal. Aug. 5, 2009); see also 20 C.F.R. § 404, Subpt. P, App. 1, 12.00A ("[t]he structure of the listing for mental retardation (12.05) is different from that of other mental disorders listings . . . [it] contains an introductory paragraph with the diagnostic description for mental retardation [as well as]

A. <u>Significantly subaverage general intellectual functioning</u>

A claimant may use circumstantial evidence to demonstrate adaptive functioning deficits that existed prior to age 22, such as "attendance in special education classes, dropping out of high school prior to graduation, difficulties in reading, writing or math, and low skilled work history." <u>Pedro</u>, 849 F.Supp.2d at 1012 (citations omitted).

The record in this case provides substantial circumstantial evidence to demonstrate the requisite adaptive functioning deficits. Plaintiff attended special education classes in high school with an Individualized Education Plan and received a modified diploma after six years of high school. Tr. 38, 187-89, 200-01, 238-41. He also testified at the hearing that he has trouble with reading, writing, spelling, and math. Tr. 38-39. Plaintiff further stated he cannot read the newspaper and must count on his hands to perform basic addition. Tr. 39.

Plaintiff's IQ score serves as further evidence of an onset of significantly subaverage intellectual functioning before age 22. While the Ninth Circuit has not addressed whether a valid IQ score is entitled to a presumption that the impairment existed during the claimant's developmental phase, several other circuit and district courts have, including the District of Oregon. <u>See, e.g.</u>, <u>Hodges</u>

---

four sets of criteria . . . If your impairment satisfies the diagnostic description in the introductory-paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing"). Therefore, consistent with these courts and the listings themselves, this Court rejects the Commissioner's assertion.

Page 7 - OPINION AND ORDER

v. Barnhart, 276 F.3d 1265, 1268-69 (11th Cir. 2001) (IQ tests after age 22 satisfy the listing criteria and "create a rebuttable presumption of a fairly constant IQ throughout life") (citations omitted); see also Jackson v. Astrue, 2008 WL 5210668, *6 (C.D.Cal. Dec. 11, 2008) ("several circuits have held that valid IQ tests create a rebuttable presumption of a fairly constant IQ throughout a claimant's life [and this] Court finds the reasoning of the Seventh, Eighth, and Eleventh Circuits to be persuasive"); Lewis v. Astrue, 2011 WL 1085254, *4 (D.Or. Feb. 15, 2011) (citations omitted) (same); Walberg v. Astrue, 2009 WL 1763295, *8 (E.D.Wash. June 18, 2009) (same). This Court is persuaded by the reasoning in the cases recited above and therefore finds that plaintiff's valid full scale IQ score of 67, obtained when he was 25 years old, is evidence of impairment prior to the age of 22.

Further, contrary to the Commissioner's assertion, plaintiff's work history does not serve as evidence that plaintiff did not possess subaverage general intellectual functioning prior to age 22. The Commissioner points to the fact that plaintiff has worked as a board laminator, store cleaner, groundskeeper, and door maker; however, the VE classified plaintiff's past work as unskilled or on "the low end of semi-skilled." Tr. 57-58. This low-skilled work history is consistent with plaintiff's other evidence demonstrating subaverage general intellectual functioning prior to age 22. See Lewis, 2011 WL 1085254 at *4-5 (evidence of claimant's low-skilled and inconsistent work history supported her allegations of subaverage general intellectual functioning prior to age 22).

Page 8 - OPINION AND ORDER

Accordingly, plaintiff satisfied the first prong of Listing 12.05C.

### B. A valid verbal, performance, or full scale IQ of 60 to 70

The record contains one set of IQ test results. As noted, on October 22, 2008, plaintiff received a full scale IQ score of 67. Tr. 206-09. The ALJ accepted this score as valid. Tr. 25. Therefore, plaintiff satisfied the second prong of Listing 12.05C. Valentine v. Comm'r. Social Sec. Admin., 574 F.3d 685, 690-91 (9th Cir. 2009); Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).

### C. A physical or other mental impairment imposing an additional and significant work-related limitation of function

If an ALJ finds an impairment to be "severe" at step two of the disability analysis, "that impairment necessarily has more than a slight or minimal effect on claimant's ability to perform basic work activities" and thus fulfills the third prong of Listing 12.05C. Pedro, 849 F.Supp.2d at 1015. Here, the ALJ concluded that, in addition to borderline intellectual functioning, plaintiff also suffers from the severe impairments of ADHD and generalized anxiety disorder. Tr. 22. Accordingly, plaintiff satisfied the final requirement of Listing 12.05C.

In sum, there is substantial evidence in the record showing that plaintiff met the requirements for Listing 12.05C. The ALJ's finding that plaintiff did not meet or equal Listing 12.05C was legal error and was not based upon substantial evidence. As such, the ALJ committed harmful, reversible error. See Molina v. Astrue,

674 F.3d 1104, 1115-17 (9th Cir. 2012). Plaintiff is presumptively disabled and, therefore, there are no outstanding issues that must be resolved before a determination of disability can be made. <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995) (remanding for payment of benefits because plaintiff met or equaled a listing at step theree).

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for the immediate payment of benefits. This case is DISMISSED.

IT IS SO ORDERED.

Dated this 17th day of June, 2013.

_____
Ann Aiken
United States District Judge

Page 10 - OPINION AND ORDER